**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 15-3796

UNITED STATES OF AMERICA

v.

JUSTIN KINNEY,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  2-15-cr-00138-001)
District Judge:  Honorable Stanley R. Chesler

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2016

(Opinion filed: August 16, 2016)

Before:  SMITH, JORDAN, and RENDELL, <u>Circuit Judges</u>

**RENDELL**, <u>Circuit Judge</u>:

Justin Kinney pleaded guilty to two counts of child pornography in violation of 18 U.S.C. § 2251(a). Kinney photographed himself raping an eight-year-old girl and a six-year-old girl. Kinney was sentenced to thirty years in prison—half the guideline recommendation of sixty years. Kinney appealed his sentence on the grounds that the sentencing Judge failed to meaningfully consider his mitigating arguments for an even greater downward variance, rendering his current sentence procedurally and substantively unreasonable. We will affirm the sentence imposed by the District Court.

## BACKGROUND

Both victims were known personally by Kinney, and he was entrusted with the care of each victim at the time of the rapes. His first victim was the eight-year-old sister of his girlfriend, whose family he lived with. The second victim was the six-year-old half-sister of his son. Kinney photographed himself anally raping victim one; he also photographed victim two. Kinney's total offense level was determined to be forty-four, and he had no previous convictions. The maximum statutory sentence was sixty years; the minimum was fifteen years. His offense level of forty-four resulted in a guideline imprisonment recommendation of life, which was reduced to the statutory maximum of sixty years. During his sentencing hearing, Kinney asked for a sentence of fifteen to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

seventeen years. Kinney argued that his disadvantaged upbringing warranted a downward variance from the guideline sentence of 720 months, or sixty years. He noted the adverse treatment he would face in jail due to the nature of his crime, and the chance he would be civilly committed after completing his sentence. The government argued for a sixty-year sentence, referring to Kinney as a societal nightmare who ruined the lives of young girls and their families.

After conducting a thorough analysis of the § 3553 factors, the Court found a sentence of thirty years appropriate in light of Kinney's age, the opportunity for rehabilitation, the need to protect society, the need to impose a just sentence, and the need to reflect the seriousness of his crime.

## STANDARD OF REVIEW

We review the sentencing decision of the District Court under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The abuse-of-discretion standard applies regardless of whether the sentence falls within the guideline range. *Id*. We must first determine whether the District Court committed any procedural error. *Id.* If we find the District Court committed no procedural error, we then assess the substantive reasonableness of the sentence, again under an abuse-of-discretion standard. *Id*.

## DISCUSSION[1]

*(a) Procedural Reasonableness of the Sentence*

---

[1] We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

3

Kinney argues that the District Court failed to meaningfully consider his arguments for a lesser sentence. During sentencing, Kinney argued a fifteen- to seventeen-year sentence would be more appropriate because: (1) the sentence would be closer to eighteen to twenty years as Kinney was imprisoned during his trial and would not receive credit toward his federal sentence; (2) there was a chance he would be civilly committed after completing his sentence; and (3) he would be supervised for the rest of his life following his release from prison.

When imposing a sentence, courts are required to consider the mitigating arguments of the defendant, along with the 18 U.S.C. § 3553(a)[2] factors. *See United States v. Jackson*, 467 F.3d 834, 841 (3d. Cir. 2006). A district court must provide an explanation "sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *United States v. Levinson,* 543 F.3d 190, 196 (3d Cir. 2008). There is no set level of consideration a district court must show in order for a sentence to be procedurally reasonable as each case will differ depending upon the specific facts. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). A sentence may require more explanation if it does not fall within the guidelines range. *United States v. Merced*, 603 F.3d 203, 215-16 (3d Cir. 2010). A sentence is procedurally unreasonable if, for example, the district court court does not consider the §3553 factors, treats the guidelines as mandatory, provides

---

[2] The § 3553(a) include: (1) the nature of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (b) provide adequate deterrence; (c) protect the public from the defendant; and (d) provide rehabilitation and educational opportunities for the defendant. 18 U.S.C. § 3553(a)(1)-(2).

inadequate reasoning for its sentence, or imposes a sentence based on clearly inaccurate facts. *Gall*, 552 U.S. at 51.

Kinney's sentence was not procedurally unreasonable. The record reflects the District Court's meaningful consideration of the §3553(a) factors and Kinney's mitigating arguments. Indeed, the District Court granted Kinney a thirty-year downward variance. The District Court deemed the thirty-year sentence sufficient to "protect society from this defendant, to reflect the outrageous extreme nature of his conduct, to reflect the seriousness and to reflect a just sentence." App. at 65. Kinney's age and his potential to be rehabilitated were of particular significance; both these reasons were cited as warranting the thirty-year downward variance from the sixty-year sentence the Prosecution sought. *See* App. at 65 ("But I do recognize the fact that, indeed, for everyone there's at least some hope . . . of indeed rehabilitation, recovery."). Ultimately, however, the Court found the mitigating arguments did not warrant an even greater downward variance in Kinney's sentence. *See* App. at 69-70 ("The Court actually considered all of your arguments. . . . The Court, nevertheless, concludes that the need to protect society and adequately reflect the seriousness of this offense outweigh that."). For example, the Court recognized the adversity Kinney faced growing up, but found it did not warrant reducing his sentence to less than half the guideline sentence of sixty years. *See* App. at 64 ("This defendant didn't become, to put it bluntly, a child rapist merely because of his upbringing.").

5

Because the record shows that the District Court engaged in a discussion of the relevant factors, and the Court meaningfully considered those factors, Kinney has not shown that his sentence was procedurally unreasonable.

*(b) Substantive Reasonableness of the Sentence*

To determine whether a sentence was substantively reasonable, we look to all the circumstances in a given case. *Id*. If a sentence was procedurally sound, as was Kinney's, we will not find it substantively unreasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Because we may presume that a sentence within the guidelines was reasonable, it is especially demanding for a defendant to show that a sentence *below* the guideline recommendation was unreasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Kinney's sentence here was well below the guideline recommendation of sixty years, and we find, based on the totality of the circumstances, and especially given the nature of Kinney's crimes, that his argument that the sentence was substantively unreasonable is meritless.

## CONCLUSION

Because Kinney has failed to show that his sentence was either procedurally or substantively unreasonable, we will affirm the sentence imposed by the District Court.